UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| GARY ERIC BOLTON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. COSGROVE, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-00499-LB<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>[Re: ECF No. 1 ] |

## INTRODUCTION

Gary E. Bolton, currently a pretrial detainee in custody at Napa State Hospital, filed this *pro se* prisoner's civil rights action under 42 U.S.C. § 1983. Mr. Bolton has consented to proceed before a magistrate judge. (ECF No. 2.)[1] This action is now before the court for review of Mr. Bolton's complaint. This order dismisses the complaint, and requires Mr. Bolton to file an amended complaint.

## STATEMENT

This is one of several cases Mr. Bolton has filed since May 2015. The other cases are: *Bolton v. Hall*, No. 15-cv-3365 LB; *Bolton v. Andre Tony Miller*, No. 15-cv-3505 LB; *Bolton v. Chevron*,

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

No. 15-cv-4406 LB; *Bolton v. Asian Sheriff Officer*, No. 15-cv-4517 LB; *Bolton v. Asian Sheriff Officer,* No. 15-cv-4518 LB; *Bolton v. Ms. Karen*, No. 15-cv-5238 LB; *In re. Bolton*, No. 15-cv-5566 JD, and *Bolton v. Wieder*, No. 16-1250 LB. Some of the documents Mr. Bolton has filed in these actions indicate that he has significant mental health problems. Mr. Bolton currently is being held at Napa State Hospital pursuant to California Penal Code § 1370 to regain competency to stand trial. (ECF No. 1-1 at 2.) He is a pretrial detainee on a criminal charge that may result in a Three Strikes sentence. (ECF No. 3 in *Bolton v. Asian Sheriff Officer*, No. 15-cv-4517 LB.) Staff at Napa State Hospital are treating, or trying to treat, him with antipsychotic medications. (*See* ECF No. 9 in *Bolton v Ms. Karen*, No. 15-cv-5238 LB). In March or April 2015, he was taken into custody pursuant to California Welfare and Institutions Code § 5150, which allows peace officers and certain other persons to take a person into custody for up to 72 hours for assessment, evaluation, and crisis intervention if the person, as a result of a mental health disorder, is gravely disabled or is a danger to others or to himself. (*See* ECF Nos. 8 and 9 in *Bolton v. Asian Sheriff Officer*, No. 15-cv-4517 LB.)

Not only has he filed numerous actions, Mr. Bolton is an energetic correspondent. He has filed dozens of letters in the actions filed within the last year. Many of the letters, like many of the pleadings, repeat the same information and are difficult to understand.

In his complaint in this action, Mr. Bolton alleged that for about five months doctors "forced medication and also wrote bad reports." (ECF No. 1 at 3.) He received three injections from Ms. Karen Doyle. (*Id.*) "The doctor stated they could shot me every day if they wonted. False report the doctor stated I told him I had magic. The doctors wrote false reports to get me sent to a long term unit and force me medication. I was also set up and staff used other patients to watch me and also tried to give me a battery charge. Also these doctors tried to cover up a attempted murder on my life." (*Id.* (errors in source).) Mr. Bolton appears to contend that he has a hernia as a result of the involuntary medications. (ECF No. 1-1 at 2.) Mr. Bolton wrote on an attachment to his complaint: "In my chart I wrote a note stateing I will start takeing the medication. [T]hat is the day I found out my mother was sick. My doctors lied to me[;] they said if I take it I could leave soon." (ECF No. 1-1 at 5 (errors in source).) In his attachment, he also complained that his attorney did

United States District Court
Northern District of California

1    not handle his criminal case properly and said he was going to have Mr. Bolton see a doctor. (*Id.*at
2    5.)

## ANALYSIS

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Specific facts are not necessary; the statement need only . . . give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted). Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. *Pro se* complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

To force antipsychotic drugs on a prisoner or on a detainee awaiting trial is impermissible under the federal constitution, "absent a finding of overriding justification and a determination of medical appropriateness." *Riggins v. Nevada*, 504 U.S. 127, 135 (1992); *see Washington v. Harper*, 494 U.S. 210, 229-30 (1990). In the context of *Harper* and *Riggins*, such an invasion of the human person can only be justified by a determination by a neutral factfinder that the

antipsychotic drugs are medically appropriate and that the circumstances justify their application. *See Kulas v. Valdez*, 159 F.3d 453, 455-56 (9th Cir. 1998); *id.* at 456 (procedural safeguards provided for in *Harper* may not apply in an emergency, but no such emergency was shown where inmate was merely loud and uncooperative).

The complaint has several problems. First, Mr. Bolton's allegations are insufficient to state a claim that he has been forcibly medicated. He alleges that doctors medicated him, but does not identify who those doctors were, or when the forced medication took place. Additionally, Mr. Bolton's statement that he wrote a note in his chart stating that he would start taking the medication suggests an agreement to be medicated rather than forcible medication. If Mr. Bolton wants to try to state a claim that he was forcibly medicated, he needs to identify the particular doctors who caused him to be forcibly medicated and the dates on which he was forcibly medicated in his amended complaint. If Mr. Bolton means only that the doctors were trying to medicate him, but have not been able to do so, he should allege that clearly in his amended complaint.

Second, the allegation that Karen Doyle gave him three injections appears to duplicate the claim Mr. Bolton is pursuing in *Bolton v. Ms. Karen*, Case No. 15-cv-5328 LB, in which he alleged that Ms. Karen improperly gave him three injections on October 18, 2015. He cannot pursue the same claim in two different actions. Mr. Bolton should not repeat that same claim against Karen Doyle in his amended complaint in this action.

Third, many of Mr. Bolton's allegations are about things that simply don't amount to constitutional violations. Allegations of verbal harassment or even threats -- such as comments by doctors and staff that they could give him injections every day if they wanted or that he would be there a long time -- do not state a cognizable claim under § 1983 because "mere words, without more, do not invade a federally protected right." *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986); *see also Gautt v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not amount to constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). And allegations about things that *almost* happened -- e.g., the doctors allegedly using other patients to watch him and trying to set him up for something bad to

4

happen to "give him a battery charge" -- do not state a claim upon which relief may be granted if nothing occurred that amounted to a constitutional violation.

Fourth, the action cannot proceed against Napa State Hospital. The Eleventh Amendment to the U.S. Constitution bars from the federal courts suits against a state by its own citizens, citizens of another state, or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). Eleventh Amendment immunity also extends to suits against a state agency. *See Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity); *see also Allison v. Cal. Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin State Prison not persons within meaning of Civil Rights Act). Napa State Hospital is dismissed from this action because it is an agency of the State of California and has Eleventh Amendment immunity against the suit.

Fifth, the *Younger* abstention doctrine generally requires the federal courts not to adjudicate claims for declaratory or injunctive relief that would require the federal court to intrude into pending state court proceedings. That sort of interference appears to be what Mr. Bolton seeks with his assertions that his attorney is not doing a good job in the criminal case and that Mr. Bolton is being guided toward a guilty plea or plea of not-guilty-by-reason-of-insanity. Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). The rationale of *Younger* applies throughout the state criminal proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. *See Dubinka v. Judges of the Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994). Requests for declaratory relief that would interfere with ongoing state criminal proceedings are subject to the same restrictions that govern requests for injunctive relief. *See Samuels v. Mackell*, 401 U.S. 66, 71–74 (1971); *Perez v. Ledesma*, 401 U.S. 82, 86 n. 2 (1971). *Younger* requires that federal courts refrain from enjoining or otherwise interfering with ongoing state criminal proceedings where three conditions are met: (1) state judicial proceedings are ongoing; (2) the state proceedings implicate important state

interests; and (3) the plaintiff has the opportunity to raise his federal constitutional concerns in the ongoing proceedings. *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432 (1982); *Dubinka*, 23 F.3d at 223. Here, all three prongs of the abstention test are met. The state criminal proceedings are ongoing in Alameda County Superior Court, the criminal prosecutor involves important state interests, and Mr. Bolton can raise his claims in his state court criminal case. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief") (citing *Younger*, 401 U.S. at 44–45). Mr. Bolton does not make any plausible non-conclusory allegation of irreparable harm, bad faith, harassment, or bias of the tribunal that would enable him to avoid application of the abstention doctrine. *See generally Younger*, 401 U.S. at 46, 53–54 (cost, anxiety and inconvenience of criminal defense is not the kind of special circumstance or irreparable harm that would justify federal intervention).

In his amended complaint, Mr. Bolton must be careful to allege facts showing the basis for liability for each defendant. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Mr. Bolton is cautioned that there is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Mr. Bolton is cautioned to take great care to provide a coherent statement of his claim(s) in his amended complaint. The court will not read through his many letters to piece together a claim for him -- he must set it out in his amended complaint.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED WITH LEAVE TO AMEND. The amended complaint must be filed no later than **May 31, 2016**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Bolton is cautioned that his amended complaint will supersede existing pleadings and must be a complete statement of his claims, except that he does not need to plead again any claim the court has dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file the amended complaint by the deadline will result in the dismissal of the action for failure to state a claim.

**IT IS SO ORDERED.**

Dated:  April 29, 2016

LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ERIC BOLTON,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. COSGROVE, et al.,<br><br>Defendants. | Case No. 3:16-cv-00499-LB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 29, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Gary Eric Bolton ID: NA-212065-7
2100 Napa Vallejo Hwy
Napa, CA 94558

Dated: April 29, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Lashanda Scott, Deputy Clerk to the
Honorable LAUREL BEELER